IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AJENE EDO,                                              02-CV-678-BR

        Plaintiff,                                   OPINION AND ORDER

v.

GEICO CASUALTY COMPANY, GEICO
GENERAL INSURANCE COMPANY, GEICO
INDEMNITY COMPANY, and GOVERNMENT
EMPLOYEES INSURANCE COMPANY,

        Defendants.


**N. ROBERT STOLL**
**STEVE D. LARSON**
**MARK A. FRIEL**
Stoll Stoll Berne Lokting & Schlachter, P.C.
209 S.W. Oak St., 5th Floor
Portland, OR 97204
(503) 227-1600

**CHARLES A. RINGO**
4085 S.W. 109TH Ave.
Beaverton, OR 97005
(503) 643-7500

        Attorneys for Plaintiff


1 - OPINION AND ORDER

**THOMAS A. GORDON**
**RUSSELL W. PIKE**
Gordon & Polscer, LLP
9755 S.W. Barnes Rd.
Suite 650
Portland, OR 97225
(503) 242-2922

**MELONEY CARGILL PERRY**
Baker & McKenzie
2001 Ross Ave., Suite 2300
Dallas, TX 75201
(214) 978-3024

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Defendants' Motion to Limit the Scope of Discovery and Motion for a Protective Order (#141). The Court heard oral argument on the Motion on September 8, 2006.

      For the following reasons, the Court **DENIES** the Motion.

## BACKGROUND

      This is one of a series of class actions or putative class actions pending before the Court involving the alleged noncompliance of a number of insurance groups and their affiliates with the adverse action notice provisions of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*.

      A more complete background of this specific case is set forth in the Court's Opinion and Order issued February 23, 2004, in which the Court granted Defendants' Motion for Summary

2 - OPINION AND ORDER

Judgment and dismissed this case with prejudice. This Court held Defendants could not be liable under FCRA for failing to provide an adverse action notice to Plaintiff because Defendants either were not the entity that contracted to provide insurance to Plaintiff (GEICO Casualty, GEICO General, and Government Employees) or did not charge Plaintiff a higher premium rate based on information in a consumer credit report (GEICO Indemnity). *See* Opin. and Order at 9-11. The Ninth Circuit reversed this Court's decision and found each of the Defendants "may be held jointly and severally liable for failing to issue an adverse action notice to Plaintiff." *See Reynolds v. Hartford Fin. Svcs. Group., Inc.,* 435 F.3d 1081, 1097 (9th Cir. 2006).

On remand to this Court, Defendants now assert advice-of-counsel as an affirmative defense to Plaintiff's claim that Defendants' FCRA violation was willful.[1] By doing so, Defendants concede they waive any claim to attorney-client privilege as to legal advice they received regarding compliance with FCRA's adverse action notice requirements up to at least May 24, 2002, when this action was flied originally.

On July 19, 2006, Defendants filed a Petition for Writ of Certiorari to the United States Supreme Court seeking review of

---

[1] Under FCRA, class members may be entitled to statutory damages between $100-$1000 if they establish Defendants' violation of FCRA was willful. *See* 15 U.S.C. § 1681n(a)(1)(A) and (a)(2).

3 - OPINION AND ORDER

the Ninth Circuit's decision, particularly as to the standard for willfulness adopted by the appellate court and the court's definition of an "adverse action" under FCRA.

## DISCUSSION

In response to Defendants' assertion of the advice-of-counsel defense, Plaintiff has filed a discovery request for Defendants to produce, *inter alia,* "[a]ll documents pertaining or relating to advice defendants may have received from attorneys regarding [FCRA] requirements, including but not limited to, any discussion or consideration of the advice."

In response, Defendants seek a protective order limiting discovery of privileged materials as follows:  (1) staying all discovery until after the Supreme Court either refuses to issue the Writ of Certiorari or decides Defendants' appeal on the merits, (2) barring discovery regarding the content and sufficiency of Defendants' adverse action notice, and (3) limiting discovery to the period before Plaintiff first filed this action in May 2002.

1.   **Supreme Court Review**.

Defendants expect a decision on their Petition for Writ of Certiorari in either late September or October 2006. Defendants assert irreparable harm may occur if privileged material is disclosed to Plaintiff before the Supreme Court

4 - OPINION AND ORDER

decides Defendants' Petition.  According to Defendants, if the Supreme Court grants review and rules that the Ninth Circuit's standard for willfulness is incorrect, it "would moot the need for any further proceedings before this Court regarding [Defendants'] advice-of-counsel defense and moot Plaintiff's discovery that seeks privileged/protected documents."

The Court, however, is not persuaded by this argument. Defendants have not identified specifically the "irreparable harm" that would befall them if the Supreme Court were to reverse the Ninth Circuit's decision in *Reynolds* after the Court permitted the discovery that Plaintiff now seeks.  It appears the only "harm" would be the disclosure of privileged materials to an opponent who could no longer use them in this case.  Thus, the possible harm does not appear to be "irreparable" because disclosure can be made under controlled circumstances.  Moreover, a Supreme Court ruling that requires a higher standard of misconduct than adopted by the Ninth Circuit to establish a willful violation of FCRA would not "moot" these proceedings or necessarily preclude an ultimate finding of willfulness.  As Plaintiff points out, this Court previously has held in related FCRA cases that fact questions exist as to the issue of willfulness regardless of the standard that is applied.  *See, e.g., Razilov v. Nationwide Mut. Ins. Co.,* CV-01-1446-BR, 2004 WL 3090083, at *8 (Mar. 3, 2004).

5 - OPINION AND ORDER

The Court, therefore, concludes Defendants have failed to establish good cause for the issuance of a protective order barring the production of privileged attorney-client documents until after the Supreme Court has resolved Defendants' Petition for Writ of Certiorari.  The Court, however, also concludes any potential harm to Defendants pending the Supreme Court's resolution of Defendants' Petition for Writ of Certiorari would be ameliorated by a narrowly drawn protective order that restricts disclosure of the privileged materials to a core group of personnel who agree not to disclose such discovery except as permitted in the protective order.

**2.    The content and sufficiency of Defendants' adverse action notice.**

Defendants assert Plaintiff never received an adverse action notice from Defendant, and, therefore, the only issue governed by FCRA in this case is whether Defendants' procedures for determining the insureds or potential insureds who should receive adverse action notices were legally sufficient.  According to Defendants, Plaintiff's discovery request seeking documents reflecting legal advice proffered to Defendants regarding the required contents of an adverse action notice is too broad. Plaintiff, however, alleges Defendants "willfully failed to notify plaintiff, and all others similarly situated, of the adverse action" and, therefore, put at issue the contents of Defendants' adverse action notices.

6 - OPINION AND ORDER

In *Reynolds,* the Ninth Circuit held "[Defendants except GEICO Casualty] may be held jointly and severally liable for failing to issue an adverse action notice to [Plaintiff]. 435 F.3d at 1097.  Defendants' failure to advise Plaintiff properly and fully of the adverse action taken on his insurance application is clearly at issue in this case whether it is the result of Defendants' failure to provide any notice or their failure to issue a notice that provides a specific reason for the adverse action.

The Court, therefore, concludes documents reflecting legal advice as to the content and sufficiency of adverse action notices as well as to the procedures for determining the recipients of such notices are relevant to Defendants' knowledge of FCRA's adverse action notice requirements and may be "reasonably calculated to lead to the discovery of admissible evidence" regarding Defendants' state of mind regarding FCRA compliance even if such documents ultimately are determined to be inadmissible at trial.  *See* Fed. R. Civ. P. 26 (b)(1).

**3.    Post-Litigation Advice of Counsel.**

Defendants assert Plaintiff is not entitled to review privileged documents reflecting legal advice provided to Defendants after Plaintiff filed his Complaint in May 2002, "especially any communications between [Defendants] and [their] trial counsel and/or its trial counsel's work product."

7 - OPINION AND ORDER

Plaintiff, however, contends he does not seek attorney work product regarding trial strategy and preparation, but only requests all "communications between [Defendants] and law firms other than trial counsel regarding [Defendants'] notice procedures [that] comprise the advice of counsel that [Defendants have] now made an issue in this case."

The Court concludes Plaintiff's requests for post-litigation documents are generally reasonable, but they must be limited to the legal advice Defendants received regarding compliance with FCRA's adverse action notice requirements up to May 14, 2003, which is the cut-off date for class participation that Plaintiff asserts in his Third Amended Complaint.

In addition to the above documents, Plaintiff seeks internal documents or personal notes of Defendants' legal counsel that contain opinions as to FCRA compliance to the extent such documents reflect discussions that counsel had with the client even if those documents may not have been seen by the client. The Court concludes the discovery that Plaintiff seeks in this request also is reasonably calculated to lead to the discovery of admissible evidence and, therefore, Defendants' objections are not well-taken.

In summary, the Court orders Defendants to produce the documents requested by Plaintiff, subject to an appropriate protective order that reasonably limits Plaintiff's disclosure of

8 - OPINION AND ORDER

those documents to a core group of individuals who shall preserve the confidentiality of the documents until such time as the Court orders otherwise. Defendants shall also prepare a privilege log identifying those documents that are withheld on the ground that they are work product.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion to Limit the Scope of Discovery and Motion for a Protective Order (#141), **ORDERS** Defendants to comply with Plaintiff's First Request for Production of Documents Relating to Advice of Counsel consistent with this Opinion and Order, and directs the parties to submit a stipulated form of protective order no later than September 20, 2006.

IT IS SO ORDERED.

DATED this 13th day of September, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER